**TRAIL BUILDERS SUPPLY COMPANY,**
Appellant,

v.

**Phillip REAGAN, a minor, by Edwin H. Reagan, his father, etc., et al.,**
Appellees.

No. 26166.

United States Court of Appeals
Fifth Circuit.

April 7, 1969.

Errol S. Cornell, Cornell & Lanza, Miami, Fla., for appellant.

Richard H. Reynolds, Miami, Fla., S. O. Carson, Walton, Lantaff, Schroeder, Carson & Wahl, Edward J. Atkins, Miami, Fla., for appellees.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

AINSWORTH, Circuit Judge:

On January 2, 1964, Phillip Reagan, an employee of the appellant employer, sustained an injury in the course of his employment when he was drawn into a truss roll press being operated without an appropriate safety device. Appellant, in compliance with the Florida Workmen's Compensation Act, furnished compensation and medical benefits to its employee through its insurance carrier. In April 1965, employee Reagan instituted an action in the Circuit Court for Dade County, Florida, for damages for his injuries, against the Idaco Engineering and Equipment Company, the manufacturer of the truss roll press, alleging that it was negligent in the construction of the machine. The case was removed to the United States District Court for the Southern District of Florida, jurisdiction resting upon diversity of citizenship.

On January 24, 1967, the Trial Judge granted the manufacturer's motion for leave to file a third party complaint, and by this complaint, the manufacturer sought indemnity from the appellant employer for such damages as it might be compelled to pay the plaintiff employee. The third party complaint alleged that the employer had ignored safety regulations by making certain safety devices ineffective, and that this had caused the employee's injuries. The employer moved for summary judgment on the ground that it was immune from liability for damages by virtue of the exclusive remedy provision of the Florida Workmen's Compensation Act. The District Court denied the employer's motion. However, it entered an order, pursuant to 28 U.S.C. § 1292(b), staying the proceedings and authorizing the employer to petition this Court for leave to appeal from an interlocutory order, the District Court having found that the order involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *." 28 U.S.C. § 1292(b). On May 22, 1968, a panel of this Court granted appellant's petition for leave to appeal.

The question for decision is whether under Florida law an employer may be liable for indemnity to a third party, who has been sued by an injured employee, where the employer has paid his employee pursuant to the Workmen's Compensation Law and where, it is alleged, the employer's negligence primarily was responsible for the employee's injury. We are thus called upon to define the scope of the exclusive remedy provision of the Florida Workmen's Compensation Act:

"The liability of an employer prescribed [by the Workmen's Compensation Act] * * * shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *." § 440.11, Florida Statutes Annotated 1966.

At our direction, the parties have filed comprehensive supplementary briefs, but significantly, counsel have cited to us no Florida decision on the precise question involved herein.[1] Nor has our own extensive research enabled

---

1. Florida courts recognize the legal theory of indemnity " * * * where although both parties are at fault and both liable *to the person injured,* such as an

us to find any Florida authority, direct or indirect, on the subject. Indeed, our own research indicates that there is a split of authority among state and federal courts, and that often the cases have turned on the peculiar provisions applicable in a state workmen's compensation act.[2]

■ As an *Erie*-bound Court, we are obliged to follow the Florida appellate decisions in diversity matters, and if there are no decisions on point, we may make an educated guess as to what the Florida courts would decide if this case were presented to them. However, there is available to us the right to submit by certification the statutory issues raised by this case to the Florida Supreme Court for an authoritative opinion. See, e. g., Gaston v. Pittman, 5 Cir., 1969, 405 F.2d 869. We are convinced that the latter course would be the best way to dispose of the present case since we have no guidelines under existing Florida jurisprudence to assist us in making a determination, and since our interpretation of the exclusive remedy provision of the Florida Workmen's Compensation Act would have a significant state-wide impact.

■ Accordingly, counsel for the parties are directed to prepare and submit jointly to the Court, within 21 days of the date hereof, a formulation of the exact legal question which they recommend we shall certify to the Florida Supreme Court under § 25.031, Florida Statutes Annotated 1961, and Rule 4.61, Florida Appellate Rules, 32 F.S.A., and which will cover the issues here involved.

It is so ordered.

---

employee of one of them, yet they are not in pari delicto as to each other * * *, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury. * * *" Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932). For an excellent general discussion of this problem, see Winn-Dixie Stores, Inc. v. Fellows, Fla. App., 153 So.2d 45 (1963). However, the decisions applying an indemnity theory were not workmen's compensation cases, and thus they do not solve the difficult question of whether indemnity will lie against an employer whose exclusive liability, so far as the injured employee is concerned, is in workmen's compensation and not tort.

2. According to a recent survey, 11 states have allowed indemnity actions against employers covered by workmen's compensation acts, while 11 states, including some in the former list, have decisions disallowing contribution or indemnity against an employer obligated to pay workmen's compensation. Blair, Reference Guide to Workmen's Compensation Law § 24.06 (1968). See generally Note, Contributions and Indemnity: The Effect of Workmen's Compensation Acts, 42 Va.L.Rev. 959 (1956); 2 Larson, Workmen's Compensation Law § 76.10 (Cum.Supp. 1967). See, e. g., Fidelity & Casualty Co. of New York v. J. A. Jones Const. Co., 8 Cir., 1963, 325 F. 2d 605; Yale & Towne Manufacturing Co. v. J. Ray McDermott Co., 5 Cir., 1965, 347 F.2d 371; American District Telegraph Co. v. Kittleson, 8 Cir., 1950, 179 F.2d 946; Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134; Kipka v. Chicago & Northwestern Railway Company, D.Minn., 1968, 289 F. Supp. 750; Ranta v. Bethlehem Steel Corporation, D.Conn., 1968, 287 F.Supp. 111.