**TRAIL BUILDERS SUPPLY COMPANY, Appellant,**

v.

**Phillip REAGAN, a minor by Edwin H. Reagan, his father, etc., et al., Appellees.**

**No. 26166.**

United States Court of Appeals
Fifth Circuit.

May 13, 1969.

Errol S. Cornell, Cornell & Lanza, Miami, Fla., for appellant.

Richard H. Reynolds, S. O. Carson, Edwards J. Atkins, Miami, Fla., for appellees.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

In accordance with our prior decision in this case, we have concluded to certify an issue of law to the Supreme Court of Florida under Florida's certification procedure. Trail Builders Supply Company v. Reagan, 5 Cir., 1969, 1059 F.2d 409, No. 26166.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO § 25.-031, FLORIDA STATUTES ANNOTATED 1961, AND RULE 4.61, FLORIDA APPELLATE RULES

To the Supreme Court of Florida and the Honorable Justices thereof:

The United States Court of Appeals for the Fifth Circuit has concluded that the case described herein involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. Accordingly, this Court hereby certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, pursuant to § 25.-031, Florida Statutes Annotated 1961, and Rule 4.61, Florida Appellate Rules, 32 F.S.A., as follows:

(1) Style of the Case

The style of the case in which this certificate is made is Trail Builders Supply Company, appellant, versus Phillip Reagan, a minor by Edwin H. Reagan, his father, appellee, Case No. 26166, United States Court of Appeals for the Fifth Circuit, 409 F.2d 1059, such case being an appeal from the United States District Court for the Southern District of Florida.

(2) Statement of the Case

The statement of the case is as it appears in Judge Ainsworth's prior opinion for the Court, Trail Builders Supply Company v. Reagan, 5 Cir., 1969, 409 F.2d 1059 [No. 26166, April 7, 1969], and we specifically incorporate by reference that statement herein (slip opinion attached hereto).

(3) Question of Law to be Answered

Whether, under the law of Florida, an employer who has made payments of compensation and medical benefits to an injured employee under the Florida Workmen's Compensation Act may also be liable for indemnity to a passively negligent third-party tortfeasor, who has been sued for damages by the injured employee, where it is alleged in the claim for indemnity that the employer's active negligence was primarily responsible for the injury, but the employer has invoked the exclusive remedy provisions of the Act (§ 440.11, Florida Statutes Annotated 1966).[1]

The entire record in this case, together with copies of the briefs of the parties in ths Court, is transmitted herewith.

/s/ HOMER THORNBERRY
HOMER THORNBERRY
United States Circuit Judge
Presiding

---

1. Following our usual practice, the Court requested that the parties submit an agreed question of law to be answered by the Florida Supreme Court. However, the parties were unable to agree upon a joint statement, and thus the Court, of necessity, formulated the question for certification.