**ITT RAYONIER, INCORPORATED, a Delaware Corporation, Plaintiff-Appellee,**

v.

**William L. WADSWORTH, Defendant-Appellant,**

**Joseph Brady Wadsworth et al., Defendants-Appellants.**

No. 75–2185

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 18, 1976.

Kate L. Walton, Palatka, Fla., for J. B. Wadsworth, and others.

Henry P. Duffett, Ormond Beach, Fla., for Wm. L. Wadsworth.

W. H. Adams, III, Thos. M. Baumer, William E. Williams, Jacksonville, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal presents important issues of statutory construction and application, as well as of Florida constitutional law, which are particularly appropriate for resolution by the Florida Supreme Court. Broadly the questions include (1) wheth-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

er a conveyance of homestead property by a widow to herself and one of her four children may constitute a "root of title" under the Florida Marketable Record Title Act, so as to extinguish the homestead interests of the other three children, and (2) if so, is such an application of the Florida Act constitutional under the Florida Constitution?

We defer decision on these questions and certify the issues to the Supreme Court of Florida. We will decide such other issues as may remain after decision of the Florida Court.

Following our practice, we requested that the parties submit a proposed agreed certificate of the issues for decision. They have reached substantial, though not full, agreement upon them. Believing that the alternative form of submission of Issue 1 suggested by the parties is appropriate here, as the selection of the proper form of this issue also involves application of uncertain Florida law, we submit the parties' statement of facts and issues hereby, disclaiming, however, any intention or desire that the Supreme Court of Florida confine its reply to the precise form or scope of the questions certified. See *Allen v. Estate of Carmen*, 446 F.2d 1276 (5th Cir. 1971).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves questions or propositions of law of the State of Florida which are determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida.

This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to Section 25.031, Florida Statutes 1975, F.S.A., and Rule 4.61, Florida Appellate Rules, as follows:

(1) *Style of the Case*:

The style of the case in which this certificate is made is William L. Wadsworth, Mary Elizabeth Wadsworth Taylor and Joseph Brady Wadsworth, appellants, versus ITT Rayonier, Incorporated, appellee, Case No. 75–2185, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Middle District of Florida.

(2) *Statement of Facts*:

L. E. Wadsworth, Sr., died September 21, 1935. At the time of his death he was the head of his family and owned and occupied as his homestead a portion of the land known as "St. Joe" in Flagler County, Florida, which is the land involved in this action. (Hereafter, "the land.") He was survived by his widow, Lotta M. Wadsworth, and four children, William L. Wadsworth, Mary Elizabeth Wadsworth Taylor, Joseph Brady Wadsworth and Lewis E. Wadsworth, Jr.

On August 18, 1937, Lotta M. Wadsworth executed an instrument (hereafter "the 1937 deed") the material portions of which are as follows:

"THIS DEED, BILL OF SALE AND ASSIGNMENT OF LEASES, made and executed this 18 day of August, A.D.1937, by and between Lotta M. Wadsworth, widow, of Flagler County, Florida, herein called party of the first part, and Lotta M. Wadsworth, and Lewis E. Wadsworth, of Flagler County, Florida, as copartners doing business under the name and style of Wadsworth & Company, herein called parties of the second part.

"WITNESSETH: That the said party of the first part for and in consideration of the sum of Ten Dollars ($10.00), and other good and valuable considerations to her in hand paid by

the parties of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents does hereby grant, bargain, sell and convey unto the parties of the second part, their heirs, legal representatives and assigns, all of the following described pieces, parcels and tracts of land, lying and being situate in the County of Flagler, in the State of Florida, to-wit:"

   * * * The land (and other lands). * * *

   * * * * * *

"And for the considerations aforesaid the said party of the first part has further bargained, sold and conveyed, and by these presents does hereby bargain, sell, convey and deliver unto the parties of the second part, their legal representatives and assigns, all of the following described personal properties used at and in connection with the naval stores business now being operated by the party of the first part, near and in the vicinity of Bunnell, Flagler County, Florida, known as the St. Joe Place, to-wit:

One 30 barrel turpentine still and fixtures complete.
120 dip barrels, more or less.
One pump and gas engine.
One glue kettle.
All turpentine tools and tools of all kinds.
All turpentine cups, gutters and aprons.
All turpentine cup faces.
One commissary, stock and fixtures.
All still supplies, spirit barrels, staves, heading, hoop iron, glue, batting and other supplies.
One Delco Light Plant.
All Cord Wood.
All hands' accounts and book accounts.
One 1937 Ford V-8 Truck.
One 1929 Modeal A Ford.
Three Hoover wagons and harness.
Three horses.
Four Mules.

All dwellings, buildings, shanties, houses, barns, garages, sheds, appurtenances, appliances, fixtures and equipments.
All crdue gum, dip and scrape, gathered and ungathered.
All manufactured spirits of turpentine, rosen and dross, whether on hand at the still, at the port, in transit, or elsewhere.
All other personal property, of all kinds, used at and in connection with said turpentine plant and business, whether herein specifically described or not.

"And for the considerations aforesaid the said party of the first part has further bargained, sold, assigned, transferred and set over, and by these presents does hereby bargain, sell, assign, transfer, set over and deliver unto the parties of the second part, their heirs, legal representatives and assigns, all of the following described turpentine leases, and all of her right, title and interest therein, thereto and thereby granted, and any benefits to be derived therefrom, and all property, property rights, privileges, and equities in and to the same, and of, in and to the lands thereby leased, for the terms therein limited, to-wit:"

   * * * (Description of turpentine leases also transferred are omitted.)
   * * *

"It is the intention of the said party of the first part to sell and convey unto said parties of the second part, their heirs, legal representatives and assigns, all of the real estate, leases, leasehold rights and privileges, goods, chattels, personal properties, and all other properties of what kind and nature soever belonging to, owned and used in connection with the turpentine plant and business known at the St. Joe Place near Bunnell, Flagler County, Florida, whether herein specifically described or not.

"SUBJECT, HOWEVER, to the lien of the following described mortgages, to-wit:

Mortgage deed made by T. C. Holden and wife, A. L. Johnson and

wife, and L. E. Wadsworth and wife, to Baldwin-Lewis-Pace Company, dated February 12, 1929, and recorded in Book 8 of Mortgages, pages 240–245, incl. public records of Flagler County, Florida. Assigned to Turpentine & Rosin Factors, Inc., by assignment dated Feb. 7, 1931, recorded in Assign. Book 2, pages 126–7, public records of Flagler County, Florida.

Mortgage deed and contract made by L. E. Wadsworth and wife to Turpentine & Rosin Factors, Inc., dated October 11, 1934, recorded in Book 9 of Mortgages, pages 402–410, incl. public records of Flagler County, Florida.

Mortgage deed and contract made by Lotta M. Wadsworth, widow, to Turpentine & Rosin Factors, Inc., dated August 11, 1937, recorded in Book *10* of Mortgages, pages *368 et seq.* public records of Flagler County, Florida.

which said parties of the second part, by the acceptance of this conveyance, hereby assume and agree to pay, as a part of the consideration therefor.

"TO HAVE AND TO HOLD all of said properties above described unto said parties of the second part, their heirs, legal representatives and assigns forever. And the said party of the first part does hereby fully warrant the title to said properties hereby conveyed, and covenants that she will defend the same against the lawful claims of all persons whomsoever, except as aforesaid.

"The properties hereinabove described are conveyed to the partners in said co-partnership of Wadsworth & Company as follows:

"TO LOTTA M. WADSWORTH, a three-fourths undivided interest.

"TO LEWIS E. WADSWORTH a one-fourth undivided interest."

This instrument was signed, sealed, witnessed and acknowledged by Lotta M. Wadsworth and was placed of record in August of 1937.

This is the deed which Rayonier contends is a "root of title" within the provisions of the Florida Marketable Record Title Act, *Florida Statutes*, Section 712.-01.

By deed dated December 30, 1942, and recorded on January 18, 1943, Lotta M. Wadsworth and Lewis E. Wadsworth, Jr., conveyed the land together with other real property in Flagler County, Florida, to Rayonier Incorporated, now ITT Rayonier, Incorporated. Lotta M. Wadsworth is still living.

By instruments recorded in 1971, William L. Wadsworth, Mary Elizabeth Wadsworth Taylor and Joseph Brady Wadsworth (hereafter called appellants), first filed of record notice of their claims each to a vested undivided one-fourth interest in remainder in the lands which had been the homestead of their father at the time of his death, subject only to the life estate of their mother, Lotta M. Wadsworth.

On October 25, 1972, Rayonier, being in possession and claiming full fee title to the land, filed suit in the United States District Court for the Middle District of Florida to quiet title in itself to the land against the claims of the appellants.

The District Court granted Summary Judgment on Rayonier's motion, holding that the Florida Marketable Record Title Act, Chapter 712, *Florida Statutes*, as applied to the 1937 deed, extinguished any interests of appellants in the land. The appellants challenge this conclusion, asserting the continuing validity of their remainder interests in the land that was their father's homestead at his death in 1935, and that the 1937 deed, purporting to convey the fee title to the land is not a valid "root of title" as to their remainder interests, within the meaning of the Florida Marketable Record Title Act, Chapter 712, *Florida Statutes*.

(3) *Questions of Law:*

1. The parties are unable to agree as to the form of the first question. Accordingly, this question is set forth in

the form proposed by appellants and by appellee:

*Question 1 as proposed by Appellants*: With respect to the interest purportedly conveyed to Lotta by the 1937 deed, does the deed constitute a valid "root of title" upon which can be established a "marketable record title" within the meaning of *Florida Statutes*, Sections 712.01 and 712.02?

*Question 1 as proposed by Appellee*: Does the 1937 deed from Lotta M. Wadsworth constitute a valid "root of title" upon which can be established a "marketable record title" within the meaning of *Florida Statutes*, Sections 712.01 and 712.02?

2. If the answer to 1 is in the affirmative, are the rights of appellants within the exception to the operation of the Marketable Record Title Act provided by *Florida Statutes*, Section 712.03(1)?

3. If the answer to 1 is in the affirmative, are the rights of appellants within the exception to the operation of the Marketable Record Title Act provided by *Florida Statutes*, Section 712.03(3)?

4(a). Are the interests which appellants claim protected by the provisions of the Florida Constitution of 1885 and Florida statutory law applicable in 1935 as they relate to homestead?

(b) If the answer to 4(a) is in the affirmative, does the Florida Marketable Record Title Act extinguish them in the same manner as it extinguishes other interests in land?

(c) If the answer to 4(b) is in the affirmative, is the Marketable Record Title Act as so applied unconstitutional under the Florida Constitution of 1885?

The entire record in this case, together with copies of the briefs of the parties and agreed certification in this Court, are transmitted herewith.