**INSURANCE COMPANY OF NORTH AMERICA, etc., Plaintiff-Appellee,**

v.

**AVIS RENT–A–CAR SYSTEM, INC., etc., and Liberty Mutual Insurance Company, Defendants-Appellants.**

No. 74-4215.

United States Court of Appeals,
Fifth Circuit.

June 14, 1976.

James E. Tribble, Miami, Fla., for defendants-appellants.

John G. Poole, Arnold I. Levy, Coral Gables, Fla., Jeanne Heyward, Miami, Fla., for plaintiff-appellee.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

This appeal raises important questions of Florida law which we hereby certify to the Supreme Court of Florida. Whatever is-

sues may remain after that Court's decision we will decide.

The Court requested the parties to submit an agreed statement of the facts and issues for decision. They were unable to agree on the formulation of the issues but did agree on a statement of facts with the exception of one paragraph. That paragraph was not part of the pre-trial stipulation but was inserted by the trial court as a brief description of the defendant's insurance policy. The description may or may not be an accurate characterization of the insurance policy in question; however, it is not necessary for this Court to make that determination. The policy is a part of the record and is transmitted with this certificate. If the Florida Supreme Court finds it necessary to construe the terms of the policy in question, it can do so without reference to the District Court's description of the policy's terms.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

The resolution of this case turns on questions of Florida law, and there appears to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. Pursuant to Section 25.031, Florida Statutes 1975, F.S.A., and Rule 4.61, Florida Appellate Rules, this Court therefore certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein:

(1) *Style of the Case*

The style of the certified case is Insurance Company of North America, plaintiff-appellee, versus Avis Rent-A-Car System, Inc., and Liberty Mutual Insurance Company, defendants-appellants, Case No. 74–4215, United States Court of Appeals for the Fifth Circuit on appeal from the United States District Court for the Southern District of Florida.

(2) *Statement of Facts*

This action was originally brought by the Insurance Company of North America in the Circuit Court of the Eleventh Judicial Circuit of Florida and removed to the United States District Court. The parties stipulated to the facts and moved for summary judgment based on the stipulation and the documents attached to the pleadings. The District Court granted the plaintiff's motion, and the defendant has appealed.

The stipulated facts are as follows:

"On June 27, 1969, AVIS RENT–A–CAR SYSTEM, INC., (hereinafter AVIS) leased a 1969 Chevrolet Station Wagon owned by AVIS to Camp Ocala, Inc. A true copy of the lease is attached to Defendants' Answer to the Amended Complaint as Exhibit A. On July 26, 1969, during the time of the lease, on U. S. Road No. 27 approximately nine miles north of Haines City, Hillsboro County, Florida, the 1969 Chevrolet Station Wagon was being operated by one Jane C. Spitzer with the consent and permission of Camp Ocala, Inc. Jane C. Spitzer was an employee of Camp Ocala, Inc., and was operating the 1969 Chevrolet Station Wagon within the course and scope of her employment with Camp Ocala, Inc.

"On July 26, 1969, Jane C. Spitzer, while operating the 1969 Chevrolet Station Wagon, collided with another vehicle resulting in serious personal injury to Martha L. Rubenstein, a minor, who was riding as a passenger in the Chevrolet Station Wagon being operated by Jane C. Spitzer. Martha Rubenstein was a camper at Camp Ocala, Inc.

"Subsequently, Martha L. Rubenstein and her father, Arthur Rubenstein, brought suit in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, against Camp Ocala, Inc., and AVIS, being Case No. 70–9414. That action was filed on May 25, 1970.

"At the time of the accident, the Defendant LIBERTY MUTUAL INSURANCE COMPANY (hereinafter LIBERTY MUTUAL) insured AVIS under a liability insurance policy, a true copy of which is attached to Plaintiff's Amended Complaint as Exhibit 1. INSURANCE COMPANY OF NORTH AMERICA (hereinafter INA) insured Camp Ocala, Inc., under a liability insurance policy (a true copy of which is attached to the deposition of Raymond K. Hampson, an insurance agent, which deposition was taken October 8, 1974).

"LIBERTY MUTUAL defended both AVIS and Camp Ocala, Inc., in the State Court action.

"Just prior to the Rubenstein case coming to trial, a settlement of that action was reached for the sum of $350,000.00. The settlement sum was agreed to by both LIBERTY MUTUAL and INA without prejudice to either company litigating their respective rights under the policies at a later time. See Exhibit No. 5 attached to Amended Complaint.

"A Final Judgment was entered in favor of the Plaintiffs, Martha Rubenstein and Arthur Rubenstein, on March 7, 1972, in the sum of $350,000.00 (Exhibit 3 to Plaintiff's Amended Complaint) and a satisfaction of said Final Judgment was signed by Arthur Rubenstein, individually, and as next friend, on March 7, 1972 (Exhibit 4 to Plaintiff's Amended Complaint).

LIBERTY MUTUAL and INA contributed to the $350,000.00 Rubenstein settlement as follows:

| | |
|---|---|
| LIBERTY MUTUAL paid the first $100,000.00 | $100,000.00 |
| INA paid the next $200,000.00 | 200,000.00 |
| LIBERTY MUTUAL paid the next $50,000.00 | 50,000.00 |
| | $350,000.00 |

"INA in the present action now seeks to recover back the $200,000.00."

In its final order and memorandum, the District Court recited the preceding stipulation and added the following characterization of the defendant's insurance policy:

"AVIS is provided with general bodily injury liability coverage in the amounts of $500,000/$1,000,000. By way of endorsement to said policy, any rentee is provided with *reduced* limits of liability protection to coincide with the specific terms of the standard rental agreement. These limits are $100,000/$300,000."

On the basis of these facts, the Court framed the issue as follows:

"Would AVIS (and hence its insurer, LIBERTY MUTUAL) have been entitled to maintain an action for indemnity against Camp Ocala (and hence its insurer, INA) for all sums which AVIS would have been liable to pay to the Rubensteins, in excess of $100,000.00?"

In answering this question in the negative, the Court viewed Florida law as establishing the principle that the carrier for the owner is primarily liable and has no right of indemnification from the driver of the vehicle or its carrier. The Court based this view on *Roth v. Old Reliable Insurance Co.,* 269 So.2d 3 (Fla.1972), which, the Court believed, had derogated the authority of the line of Florida cases which this Court had relied on in *Hertz Corporation v. Ralph M. Parsons Co.,* 419 F.2d 783 (5th Cir. 1969).

(3) *Questions of Law*

The parties are unable to agree on the issues presented on appeal, and consequently the formulation presented by each is set forth.

*Appellants' Formulation:*

POINT I

Under Florida law, may a rental company's automobile liability policy provide for limits as to the car rental company of $500,000 for each person and $1,000,000 for each occurrence and provide, by endorsement in accordance with the car rental agreement, for limits as to any rentee of $100,000 for each person and $300,000 for each occurrence?

## POINT II

If the answer to Point I is yes, may the rentee-employer's automobile insurer recover from the car rental company's insurer, where:

1. The rentee-employer becomes liable for the death of a third person caused by negligent operation of the rental car by its employee, and

2. The resultant death claim is settled by the two insurers (without prejudice to either company later litigating their rights under the policies) for $350,000—the car rental company's insurer paying the first $100,000, the rentee's insurer paying the next $200,000 (its policy limits), and the car rental company's insurer paying the remaining $50,000?

*Appellee's Formulation:*

## POINT I

Whether under Florida law Camp Ocala and its insurer, Insurance Company of North America, are entitled to indemnification from Avis Rent-A-Car, the owner of the vehicle, and its insurer, Liberty Mutual Insurance Company, for the $200,000 the Insurance Company of North America paid to Martha L. Rubenstein for the injuries she sustained because of the negligence of Camp Ocala's driver.

## POINT II

Whether as between Liberty Mutual's other insurance provision and Insurance Company of North America's excess insurance provision, the Liberty Mutual Insurance policy provides primary coverage to Avis Rent-A-Car for damages caused by the operation of its vehicle to the extent of $500,000 before Insurance Company of North America has to pay anything.

The entire record in this case, together with copies of the briefs of the parties and their proposed statement of the facts and questions for certification, are transmitted herewith.