ITT -RAYONIER, INCORPORATED, a
Delaware Corporation,
Plaintiff-Appellee,

v.

William L. WADSWORTH, Joseph Brady
Wadsworth and Mary Elizabeth Wads-
worth Taylor, Defendants-Appellants.

No. 75–2185
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 28, 1977.

Rehearing Denied Aug. 25, 1977.

Kate L. Walton, Palatka, Fla., for Repre-
sentative J. B. Wadsworth, et al.

Henry P. Duffett, Ormond Beach, for
Representative Wm. L. Wadsworth.

W. H. Adams, III, Thos. M. Baumer, Wil-
liam E. Williams, Jacksonville, Fla., for
plaintiff-appellee.

Before BROWN, Chief Judge, and GOD-
BOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

This appeal is brought by three of the
four children of L. E. Wadsworth, Sr., and
Lotta M. Wadsworth who assert the contin-
ued validity of their remainder interests in
land that was their father's homestead at
his death in 1935. ITT Rayonier, Inc. won
its suit to quiet title in the land against the
three Wadsworth children in the lower fed-
eral court. On appeal to this court, we
determined that the suit involved important
issues of state statutory and constitutional
law not previously considered by Florida
courts and certified questions to the Florida
Supreme Court, *Wadsworth v. ITT Rayo-
nier, Inc.*, 528 F.2d 1033 (5th Cir. 1976). We
have received the Florida court's useful and
well-reasoned opinion[1] and, based on its
answers to the certified questions, accord-
ingly conclude that the district court prop-
erly held that ITT Rayonier had perfected
title to the disputed land against the three
children.

The facts of this case are more particular-
ly described in our opinion certifying this
case to the Florida Supreme Court, *Wads-
worth v. ITT Rayonier, Inc.*, 528 F.2d 1033
(5th Cir. 1976), but a short summary fol-
lows. In 1937, after her husband's death,
Lotta M. Wadsworth executed a deed on

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v.
  Citizens Casualty Co. of New York, et al.*, 5 Cir.
  1970, 431 F.2d 409, Part I.

1. *ITT Rayonier, Inc. v. Wadsworth*, 346 So.2d
   1004 (Fla.1977).

land that had been their homestead. That general warranty deed purported to convey the land and assorted items thereon from Lotta M. Wadsworth, widow, to Lotta M. Wadsworth and Lewis E. Wadsworth as copartners doing business as Wadsworth & Company. Lotta M. Wadsworth received a three-fourths undivided interest. Lewis E. Wadsworth received a one-fourth undivided interest. Lewis E. Wadsworth was one of Lotta M. Wadsworth's sons; she conveyed no interest to William L. Wadsworth, Mary Elizabeth Wadsworth Taylor, or Joseph Brady Wadsworth—her other children. In 1942, Lotta M. Wadsworth and Lewis E. Wadsworth conveyed the disputed land to Rayonier Incorporated, now ITT Rayonier, Inc. Lotta M. Wadsworth is still living. In 1971, the three excluded children filed notice of record of their claims each to a vested undivided one-fourth interest in remainder of the homestead lands of their father at the time of his death. ITT Rayonier, Inc. filed suit in 1972 to quiet title and this appeal resulted.

We identified two broad questions appropriate for resolution by the Florida Supreme Court: (1) whether a conveyance of homestead property by a widow to herself and one of the four children may constitute a "root of title" under the Florida Marketable Record Title Act, so as to extinguish the homestead interests of the other three children; and (2) if so, is such an application of the Florida Act constitutional under the Florida constitution? The parties reached substantial agreement on the precise questions to be certified to the Florida Supreme Court, although they differed on the submission of the first question. We submitted the following questions to the Florida Supreme Court:

"1. The parties are unable to agree as to the form of the first question. Accordingly, this question is set forth in the form proposed by appellants and by appellee:

"Question 1 as proposed by Appellants: With respect to the interest purportedly conveyed to Lotta by the 1937 deed, does the deed constitute a valid 'root of title' upon which can be established a 'market-able record title' within the meaning of Florida Statutes, Sections 712.01 and 712.02?

"Question 1 as proposed by Appellee: Does the 1937 deed from Lotta M. Wadsworth constitute a valid 'root of title' upon which can be established a 'marketable record title' within the meaning of Florida Statutes, Sections 712.01 and 712.02?

"2. If the answer to 1 is in the affirmative, are the rights of appellants within the exception to the operation of the Marketable Record Title Act provided by Florida Statutes, Section 712.03(1)?

"3. If the answer to 1 is in the affirmative, are the rights of appellants within the exception to the operation of the Marketable Record Title Act provided by Florida Statutes, Section 712.03(3)?

"4(a). Are the interests which appellants claim protected by the provisions of the Florida Constitution of 1885 and Florida statutory law applicable in 1935 as they relate to homestead?

"(b) If the answer to 4(a) is in the affirmative, does the Florida Marketable Record Title Act extinguish them in the same manner as it extinguishes other interests in land?

"(c) If the answer to 4(b) is in the affirmative, is the Marketable Record Title Act as so applied unconstitutional under Florida Constitution of 1885?"

The Florida Supreme Court's answers to these questions clearly mandate affirmance of the district court's decision. The Florida Supreme Court answered that the 1937 deed constituted a root of title, that none of the exceptions to the extinguishment power of the root of title applied, and that, because the conveyance took place after the death of L. E. Wadsworth, Sr., Lotta M. Wadsworth's husband, homestead property was not involved and the homestead provisions of the Florida Constitution were inapplicable. Thus, the 1937 deed extinguished the claims of the three children against ITT Rayonier, Inc.

The Florida Supreme Court's answers to our certified questions resolve all of the issues remaining on this appeal. We thank the Supreme Court for its answers and commend it for its effort. Once again, the certification procedure proves its value by allowing us to obtain authoritative interpretation of Florida law rather than attempting to predict what Florida courts would do. There being no issues unresolved by the Florida Supreme Court's answers, the district court's judgment is

AFFIRMED.