558 F.2d 732
 In re Richard Lee McCLINTOCK, Bankrupt.
Edward W. SZCZEPANSKI, Jr., Trustee-Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.
In Re Paul Jean PORTMAN, Jr., Bankrupt.
Edward W. SZCZEPANSKI, Jr., Appellant,
v.
FORD MOTOR CREDIT COMPANY, Appellee.
 No. 75-4235.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 19, 1977.
 
 Edward W. Szczepanski, Jr. pro se.
 Ernest Kirk, II, Columbus, Ga., for GMAC.
 Charles T. Staples, Columbus, Ga., for Ford Motor Credit Co.
 Appeal from the United States District Court for the Middle District of Georgia, Columbus Division.
 Before BROWN, Chief Judge, and COLEMAN and TJOFLAT, Circuit Judges.
 BROWN, Chief Judge:
 
 
 1
 This historic case marks our maiden voyage on the S/S CERTIFICATION in Georgia since the very recent adoption of the amendments to Chapters 24-39 of the Georgia Code made the waters navigable.[1] We have long sailed on the waters of Florida.[2] More recently we voyaged to Louisiana[3] and Alabama.[4] We now welcome the opportunity to come aboard in Georgia,[5] and trust that as have others, Georgia will welcome us.
 
 An Overview
 
 2
 The bankrupt in each case bought a car in a state other than Georgia; Illinois in the McClintock case and Florida in the Portman case. Each of the other states required the perfecting of security interests by entering a notation on the certificate of title. The bankrupt created a security interest which was duly perfected in the respective states of purchase.
 
 
 3
 The bankrupt informed the secured party that he would be bringing the car to Georgia within thirty (30) days for purposes other than transportation through the state. Each bankrupt did so. McClintock and Portman were in the military and at the time of purchase each had received transfer orders to Georgia. Neither secured party took any steps to perfect his interest in Georgia.
 
 
 4
 The Trustee in Bankruptcy now asserts that since the secured parties had knowledge that the cars were being moved to Georgia but failed to perfect their liens under Georgia law, their interest is inferior to his.
 
 
 5
 Georgia Motor Vehicle Certificate of Title Act, Georgia Code Ann. § 68-401a et seq. contains the rules for determining perfection and validity of security interests. The crux of this appeal is whether § 68-421a(d)(1)[6] is the exclusive means of perfection when the parties contemplate that a car purchased in another state will be brought into Georgia within thirty (30) days of purchase. If it is exclusive then the trustee must prevail since it is undisputed that the secured party had knowledge of the pending move but took no steps to perfect his interest under Georgia law.
 
 
 6
 Did the Georgia legislature mean that the term "validity" would encompass perfection? The Chapter does not define its meaning. The bankrupt cities City of Jesup v. Bennett, 1970, 226 Ga. 606, 176 S.E.2d 81, for the proposition that this section of the statute must be read in context with all the other parts. They urge that in other areas of the code where the term "valid" is used it relates to third parties, not just to the parties to the security agreement.[7] Their contention is that § 68-421a(d)(1) operates to the exclusion of § 68-421a(d)(2)(A).[8]
 
 
 7
 The secured parties cite the Georgia Uniform Commercial Code[9] for their contention that validity and perfection are not synonymous. Although they admit there are no Georgia cases in point, they rely on General Motors Acceptance Corp. v. Whisnant, 5 Cir. 1968, 387 F.2d 774. Dictum therein distinguishes validity from perfection.
 
 
 8
 'Validity is an obscure and undefined term. For present purposes we take it to encompass all aspects of the security transaction other than perfection.' (Cites omitted.)
 
 
 9
 387 F.2d at 777.
 
 
 10
 Neither party could direct this Court to binding Georgia precedent for his proffered interpretation of the Code.
 
 
 11
 We view this as not an insubstantial question of Georgia law. The transient nature of our society generally and of military personnel particularly, who may spend only one or two years, at each station, compels us to defer decision on this sure-to-be-recurring question to the highest arbitrator of Georgia law. Accordingly, we have decided to certify the case to the Georgia Supreme Court.
 
 
 12
 As is our practice, we requested counsel to agree upon a statement of facts and suggested issues to be answered by the Georgia Court. Although we adopt their proposed facts and issue, we do not intend the issue as stated to inhibit the Supreme Court in framing its answer.[10] Indeed, we have learned that the state courts often prefer to rephrase the questions certified, to answer corollary questions or to decline to answer at all when they have thought that our statement of the issues was inflexible.[11] This is our universal practice born of our abortive experience in Green v. American Tobacco Co., supra. After years of delay and much fruitless labor, we saw in our final decision that undertaking to do this on our own without needed help from counsel we had certified the wrong question which the Supreme Court of Florida thought was exclusive.QUESTION CERTIFIED
 
 
 13
 CERTIFICATION FROM UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO GEORGIA CODE ANNOTATED S 24-3902
 
 
 14
 To the Supreme Court of Georgia and the Honorable Justices thereof
 
 
 15
 It appears to United States Court of Appeals for the Fifth Circuit that the above-styled case involves a question or proposition of the law of the State of Georgia which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Georgia. This Court certifies the following questions of law, based on the facts recited therein, pursuant to Georgia Code Annotated § 24-3902; such case being an appeal from the United States District Court for the Middle District of Georgia.
 
 Joint Statement of Facts
 
 16
 These cases arise from an Order of the United States District Court for the Middle District of Georgia holding that Appellees, General Motors Acceptance Corporation and Ford Motor Credit Company, had properly perfected security interests in certain vehicles, and accordingly their claim to those vehicles was superior to the claim of the Trustee in Bankruptcy for the owners of the vehicles. Appellant is the Trustee in Bankruptcy for the vehicle owners, and Appellees are the holders of the security interests in the vehicles. Virtually identical facts exist in each of the two cases which were consolidated on this appeal.
 
 
 17
 In each case, the debtor purchased an automobile from a dealer in a state other than Georgia and financed a portion of the purchase price. In connection with the financing, the debtor executed an instalment sale agreement in which the debtor granted to the dealer a security interest in the automobile. The dealers then assigned the contracts to the Appellees, who are now the holders of the instalment sale agreements. At the time of these transactions, a motor vehicle certificate of title for each vehicle was applied for and issued in the state where the sale was consummated and the security interest attached. The title reflected the purchaser as the owner of the vehicle and further showed the assignee of the instalment sale contract as the first lienholder. Each title was issued pursuant to a statute of the state of issue which required indication on a certificate of title of a security interest in the vehicle as a condition of perfection of the security interest.
 
 
 18
 Each of the vehicle purchasers was a member of the U.S. Army at the time that he purchased his vehicle, and each was already in receipt of orders to report to Fort Benning, Georgia, within thirty (30) days from the date of creation of the security interest. It was accordingly understood between the seller and purchaser that the vehicle would be (and, in fact, was) brought into Georgia within thirty (30) days after the security interest was created for purposes other than transportation through Georgia. After having perfected their security interest in the vehicles in the jurisdiction where the security interest attached, the security interest holders did not take any further steps to have their security interest recorded in the State of Georgia, either by applying for a Georgia certificate of title or by filing a notice of lien with the Georgia Revenue Commissioner.
 
 QUESTION FOR THE GEORGIA SUPREME COURT
 
 19
 Where, prior to bankruptcy, a debtor purchases a private motor vehicle in a state other than Georgia, grants to the seller a security interest in the vehicle to secure payment of the unpaid purchase price, advises the dealer at the time that the security interest is created that the vehicle will be brought into Georgia for purposes other than transportation through the State of Georgia and the vehicle is, in fact, brought into Georgia within thirty (30) days thereafter, is the security interest holder, after having perfected its security interest in accordance with the applicable law of the state of purchase by noting the security interest on a motor vehicle certificate of title issued by the state of purchase, required thereafter to obtain a Georgia certificate of title noting its security interest thereon in order to protect its interest against the Trustee in Bankruptcy for the debtor?
 
 
 20
 The entire record in this case, the Court's opinion, together with copies of the briefs of the parties, the letter directive, counsel's memoranda on certification, proposed certification with differences and all of the papers are transmitted herewith.
 
 
 21
 CERTIFIED.
 
 
 
 [1]
 Section 1. Code Chapter 24-39, relating to powers of the Supreme Court, is hereby amended by adding a new Section thereto, to be designated Code Section 24-3902, to read as follows:
 "24-3902. Supreme Court authorized to receive and answer certificates as to State law from Federal appellate courts. The Supreme Court of this State may, by rule of court, provide that, when it shall appear to the Supreme Court of the United States, to any Circuit Court of Appeals of the United States, or to the Court of Appeals of the District of Columbia that there are involved in any proceeding before it questions or propositions of the laws of this State, which are determinative of the said cause, and there are no clear controlling precedents in the decisions of the Supreme Court of this State, such Federal Appellate Court may certify such questions or propositions of the laws of this State to the Supreme Court of this State for instructions concerning such questions or propositions of State law, which certificate the Supreme Court of this State, by written opinion, may answer. Provided, however, that the Court of Appeals shall not have jurisdiction to consider any question certified under this Section by transfer or otherwise."
 Section 2. All laws and parts of laws in conflict with this Act are hereby repealed.
 
 
 [2]
 Matter of Cedars of Lebanon Hospital Corp. Inc., 5 Cir. 1977, 546 F.2d 63; Pollock v. Govan Const. Co., 5 Cir. 1976, 541 F.2d 1119; United States v. 16.33 Acres of Land in Cty. of Dade, Fla., 5 Cir. 1976, 537 F.2d 182; Coastal Petroleum Co. v. Secretary of the Army, 5 Cir. 1973, 489 F.2d 777, on rehearing, 5 Cir. 1974, 491 F.2d 973, on remand, 5 Cir. 1976, 536 F.2d 1030, on termination and dismissal, 5 Cir. 1977, 547 F.2d 288; Insurance Co. of North America v. Avis Rent-A-Car System, Inc., 5 Cir. 1976, 533 F.2d 310; ITT Rayonier, Inc. v. Wadsworth, 5 Cir. 1976, 528 F.2d 1033; H. S. Equities, Inc. v. Hartford Accident & Indemnity Co., 5 Cir. 1975, 512 F.2d 1277; Nardone v. Reynolds, 5 Cir. 1975, 508 F.2d 660, on certification, Fla., 1976, 333 So.2d 25, on receipt of answers to certification, 5 Cir. 1976, 538 F.2d 1131; West v. Caterpillar Tractor Co. Inc., 5 Cir. 1974, 504 F.2d 967, on certification, Fla., 1976, 336 So.2d 80, on receipt of answers to certification, 5 Cir. 1977, 547 F.2d 885; Gordon v. John Deere Co., 5 Cir. 1971, 451 F.2d 234, on certification, Fla., 1972, 264 So.2d 419, on receipt of answers to certification, 5 Cir. 1972, 466 F.2d 1200; Oliva v. Touchton, 5 Cir. 1971, 448 F.2d 437; National Education Association, Inc., v. Lee County Board of Public Instruction, 5 Cir. 1971, 448 F.2d 451, on certification, Fla., 1972, 260 So.2d 206, on receipt of answers to certification, 5 Cir. 1972, 467 F.2d 447; Allen v. Estate of Carman, 5 Cir. 1971, 446 F.2d 1276, on certification, Fla., 1973, 281 So.2d 317, on receipt of answers to certification, 5 Cir. 1973, 486 F.2d 490; A. R. Moyer, Inc., v. Graham, 5 Cir. 1971, 443 F.2d 434, on certification, Fla., 1973, 285 So.2d 397, on receipt of answers to certification, 5 Cir. 1974, 492 F.2d 797; Boyd v. Bowman, 5 Cir. 1971, 443 F.2d 848, on certification, Fla., 1971, 256 So.2d 1, on receipt of answers to certification, 5 Cir. 1972, 455 F.2d 927; Trail Builders Supply Co. v. Reagan, 5 Cir. 1969, 409 F.2d 1059, (instructions to counsel), 410 F.2d 763, (certification to Florida Supreme Court); Gaston v. Pittman, 5 Cir. 1969, 405 F.2d 869; Martinez v. Rodriquez, 5 Cir. 1968, 394 F.2d 156, on certification, Fla., 1968, 215 So.2d 305, on receipt of answers to certification, 5 Cir. 1969, 410 F.2d 729; Hopkins v. Lockheed Aircraft Corp., 5 Cir. 1966, 358 F.2d 347, on certification, Fla., 1967, 201 So.2d 743, on receipt of answers to certification, 5 Cir., 1968, 394 F.2d 656; Green v. American Tobacco Co., 5 Cir. 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla., 1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir., 1963, 325 F.2d 673, cert. denied, after retrial, 391 F.2d 97, rev'd on rehearing en banc, 1969, 409 F.2d 1166; Clay v. Sun Ins. Office, Ltd., 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170, on certification, Fla., 1961, 133 So.2d 735, on receipt of answers to certification, 5 Cir. 1963, 319 F.2d 505, rev'd., 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229; Moragne v. States Marine Line, Inc., 5 Cir. 1967, on certification, Fla., 1968, 211 So.2d 161, on receipt of answers to certification, 5 Cir. 1969, 409 F.2d 32; Life Ins. Co. of Va. v. Shifflet, 5 Cir. 1967, 370 F.2d 555, on certification, Fla., 1967, 201 So.2d 715, on receipt of answers to certification, 5 Cir. 1967, 380 F.2d 375
 
 
 [3]
 Ward v. State Farm Mut. Auto. Ins. Co., 5 Cir. 1976, 539 F.2d 1044; United States v. Buras, 5 Cir. 1972, 475 F.2d 1370 (Brown, Chief Judge, dissenting from denial of rehearing en banc); W. S. Ranch Co. v. Kaiser Steel Corp., 10 Cir. 1968, 388 F.2d 257, 265 (dissenting opinion), rev'd, 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835
 
 
 [4]
 Barnes v. Atlantic & Pacific Life Ins. Co. of America, 5 Cir. 1975, 514 F.2d 704, on certification, 1975, 295 Ala. 149, 325 So.2d 143, on receipt of answers to certification, 5 Cir. 1976, 530 F.2d 98; Cincinnati Ins. Co. v. City of Talladega, 5 Cir. 1976, 529 F.2d 718; Berdeaux v. Gamble Alden Life Ins. Co., 5 Cir. 1976, 528 F.2d 987; Southeastern Financial Corp. v. Smith, 5 Cir. 1976, 526 F.2d 1233; Tyler v. Ins. Co. of North America, Inc., 5 Cir. 1975, 520 F.2d 341, on certification, Ala., 1976, 331 So.2d 641, on receipt of answers to certification, 5 Cir. 1976, 539 F.2d 1072
 
 
 [5]
 Brown, 7 Cumberland L.R. 455, 1977 traces the development of this important process of federalism in action and the continuous care exercised by this court in the selection of cases for certification lest we wear out our welcome from an apparent practice of ducking state law questions just because they are troublesome
 Happily the Supreme Court placed its imprimatur on this device and our use of it. Lehman Bros. v. Schein, 1974, 416 U.S. 386, 94 S.Ct. 1741, 40 L.Ed.2d 215.
 
 
 [6]
 (d) If a vehicle is subject to a security interest or lien when brought into this State, the validity of the security interest or lien is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following:
 "(1) If the parties understood at the time the security interest was created or the lien attached that the vehicle would be kept in this State and it was brought into this State within 30 days thereafter for purposes other than transportation through this State, the validity of the security interest or lien in this State is determined by the law of this State.
 
 
 [7]
 Compare Georgia Code Ann. Chapter 68-4A, §§ 68-421a, 68-423a, 68-421a(c) (1), 68-421a(c)(3) and 68-421a(a)(e)
 
 
 [8]
 (2) If the security interest or lien was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply:
 (A) If the name of the holder of a security interest or lien is shown on an existing certificate of title issued by that jurisdiction, his security interest or lien continues perfected in this State.
 
 
 [9]
 Georgia Code Ann. § 109A-9-103(3)
 
 
 [10]
 Once more we repeat what we have often said:
 "(T)he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved in the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." Martinez v. Rodriquez, 5 Cir., 1968, 394 F.2d 156, 159, n. 6.
 
 
 [11]
 As a good illustration see, Nardone v. Reynolds, Fla.1976, 333 So.2d 25