PEARSON, Judge.
This is a dispute between insurance companies concerning which of them has the primary coverage and the right of an indemnity. The order appealed dismissed the cross-claim and third party complaint for indemnity filed by defendants A. United Auto Rental, Inc., and Insurance Company of North America against cross defendant Jeffrey Bradley and counter defendant Detroit Automobile Inter-Insurance Exchange. The cross-claim and third party complaint claimed indemnity from Bradley and Detroit Automobile Inter-Insurance Exchange upon the grounds that Bradley, as the driver of an automobile involved in an accident, was the wrongdoer and that he and Detroit, his insurer, had the primary responsibility for insurance coverage. Bradley had rented the car he was driving from A. United Auto Rental, Inc.
*580 The rental agreement Bradley signed did not provide for a specific charge for insurance, but rather provided that if the driver had no insurance, he would be covered to the limits of liability specified in the Financial Responsibility Laws of the State of Florida.[1] It also provided that in the event Bradley did have insurance, the rental company’s insurance would not cover him. The contract between A. United Auto Rental, Inc., and Insurance Company of North America provided that for bodily injury the rental company would be covered to the extent of $100,000 per person and $300,000 per occurrence.
A. United Auto Rental, Inc., and its insurance company claimed that in event of a verdict for the plaintiff they should be entitled to indemnity in the full amount of the judgment from Bradley and Detroit in the amount of its insurance. The trial court dismissed the claims for indemnity under the holding of this court in Executive Rent-A-Car, Inc. v. Uditsky, 297 So.2d 340 (Fla.3d DCA 1974).
When this appeal was ready for oral argument, the appellants moved for a stay of further proceedings pending (1) the disposition of a petition for writ of certiorari pending in the Supreme Court of Florida (where jurisdiction had already been granted) in Diversified Services, Inc. v. Jackson, 330 So.2d 830 (Fla.3d DCA 1976), and (2) the disposition of a question certified to the Supreme Court of Florida pursuant to Florida Appellate Rule 4.61 by the United States Circuit Court of Appeals, Fifth Circuit, in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 533 F.2d 310 (5th Cir. 1976). The opinions in these matters have now been filed by the Supreme Court of Florida, as follows: Diversified Services, Inc. v. Jackson, 348 So.2d 1155 (Fla.1977); and Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977). Thereupon, this appeal came on for oral argument and determination by this court.
We think that a reading of the opinion of the Supreme Court of Florida in Insurance Company of North America v. Avis Rent-A-Car System, Inc., supra, substantially changes the law applicable to this cause and, as a result of the decision therein, the order of the trial court dismissing the cross-claim and third party complaint of the appellants must be reversed. Upon remand, the trial court is directed to allow the claim for indemnity in accordance with the holding of the Supreme Court of Florida in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977), particularly with regard to the following portion therein:
“With the public policy questions resolved, we turn to the contracts of insurance on which indemnification is sought and refused. The terms of the policy written by Liberty Mutual to Avis clearly provide that $100,000 is to be the per person primary coverage, but that a $500,000 per person limit was available to Avis for its negligence or its responsibility as owner in the event any lessee did not carry adequate insurance of its own to compensate for the negligent operation of the vehicle. INA’s policy clearly provided that it was not to be responsible for any primary coverage made available from a rental car company, which in this case meant that INA was relieved of responsibility for the first $100,000 of damages caused by its negligent insured. The provisions in these policies mesh perfectly to require payment from the respective companies in precisely the proportions on which they agreed in settling their respective liabilities for the first $300,000 of damages caused by the accident.”
Reversed and remanded with directions.

. See Section 324.021(7), Florida Statutes (1975), specifying a $15,000.00 minimum liability limit at the time of the accident here at issue.