CITIZENS AND SOUTHERN FACTORS,
INC., Plaintiff-Appellant,

v.

The SMALL BUSINESS ADMINISTRATION, an Agency of the United States,
et al., Defendants-Appellees.

No. 77–1628.

United States Court of Appeals,
Fifth Circuit.

April 23, 1979.

Daniel H. Neely, James W. Culbreth, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, U. S. Atty., William E. Turnipseed, William D. Mallard, Jr., Asst. U. S. Attys., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, COLEMAN and TJOFLAT, Circuit Judges.

PER CURIAM:

The Court has determined that this case presents questions of Alabama law appropriate for resolution by the courts of that state.

Following our practice,[1] we requested that the parties submit a proposed statement of facts and proposed agreed certificate of the questions for decision, which they have done.

*CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO ARTICLE 6, § 140(b)(3) OF THE ALABAMA STATE CONSTITUTION AS AMENDED 1973*

TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves questions or propositions of the law of the State of Alabama that are determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Alabama. This Court certifies the following question of law to the Supreme Court of Alabama for instructions concerning said question of law, based on the facts recited herein, such case being an appeal from the United States District Court for the Northern District of Georgia.

I.  *Style Of The Case*

The style of the case in which this certification is made is *Citizens and Southern Factors, Inc., Plaintiff-Appellant v. The Small Business Administration, an agency of the United States, et al., Defendants-Appellees,* No. 77–1628, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Georgia.

II.  *Statement Of Facts*

On April 18, 1972, Vernon Carpet Mills, Inc., an Alabama corporation ("Vernon"), entered into a factoring agreement with The Citizens and Southern National Bank ("Bank"). Pursuant to the factoring agreement, the Bank purchased all the accounts, instruments, contract rights, chattel paper, documents and general intangibles of Vernon and the proceeds thereof ("Receivables").

Also, Paragraph 6 of the factoring agreement provided:

> We [Vernon] further sell and assign to you all our title and/or interest in the goods (unless released by you) represented by receivables as well as goods returned by customers. You have the right to stop goods in transit or to replevy or to reclaim such goods for your protection. All returned, replevied, and reclaimed goods coming into our possession shall be held in trust by us for you.

On April 20, 1972, the Bank filed a Uniform Commercial Code financing statement with the office of the Secretary of State, Montgomery, Alabama, describing, in relevant part, the property as:

> All present and future accounts, instruments, contract rights, chattel paper, documents and general intangibles, including those arising from the sale of raw materials, goods in process, and finished goods, together with the debtor's rights in returned and reclaimed or repossessed goods.

The Bank subsequently assigned its right in and under the factoring agreement and all things collateral thereto to Citizens and Southern Factors, Inc. ("C&S").

Approximately two years later, Vernon obtained an SBA guaranteed loan in the amount of $438,000 from the Bank of Wedowee, Wedowee, Alabama, as evidenced by the execution of Note and Security Agreement in favor of the latter dated February 28, 1974. As collateral securing the loan, Vernon granted the Bank of Wedowee a

---

1. See *In re McClintock*, 5 Cir., 1977, 558 F.2d 732.

security interest in its inventory and proceeds therefrom which is further reflected in a financing statement filed appropriately in the office of the Secretary of State of Alabama on March 11, 1974. The financing statement covered "all inventory now owned and hereafter acquired" as well as proceeds. On September 30, 1975, the Bank of Wedowee assigned its interest in the security agreement to SBA.

Certain of the account debtors on the Receivables which had been purchased by C&S returned to Vernon the goods which they had purchased ("Returned Goods"). Vernon failed and each of C&S and the SBA claimed prior rights to the Returned Goods. Vernon was indebted to each of C&S and the SBA in amounts in excess of $5,000. By agreement of the parties, the Returned Goods were sold for $5,000 and such sum was paid into the registry of the United States District Court for the Northern District of Georgia.

C&S filed suit in the United States District Court for the Northern District of Georgia against the SBA for a declaratory judgment that it had the superior interest in the fund representing the Returned Goods. The District Court ruled that the SBA was entitled to priority to the fund, and C&S appealed that judgment to the United States Court of Appeals for the Fifth Circuit.

### III. Issues Certified [2]

(1) Whether under the Uniform Commercial Code the conveyance of title to returned goods to an accounts receivable purchaser in a factoring agreement prevents the attachment of the security interest of an inventory financer in the returned goods or results in simply a retention of a security interest in the returned goods in favor of the accounts receivable purchaser.

(2) If it is determined that the conveyance of title to returned goods results simply in a retention of a security interest in favor of the accounts receivable purchaser, whether § 9–306(5) or § 9–312(5) of the Uniform Commercial Code governs the priority in returned goods where the accounts receivable purchaser by contract has taken an express security interest in the returned goods and been the first to file with respect thereto.

The entire record in this case, together with copies of the briefs of the parties, the proposed questions of fact and law, and memoranda thereon, are transmitted herewith.

CERTIFIED.

2. We repeat what we have often said in the past:

[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez*, 5 Cir., 1968, 394 F.2d 156, 159, n.6.