H. S. EQUITIES, INC., formerly Hayden Stone, Inc., a Delaware Corp., Plaintiff-Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY CO., a Connecticut Corp., Defendant-Appellee.

No. 74–3503

Summary Calendar. *

United States Court of Appeals, Fifth Circuit.

May 14, 1975.

Stanley Arthur Beiley, Miami, Fla., for plaintiff-appellant.

Walton, Lantaff, Schroeder, Carson & Wahl, Edward J. Atkins, Miami, Fla., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

This diversity appeal, involving a suit to enforce rights under a liability insurance contract, presents important issues concerning the choice of applicable law. We believe these issues are particularly appropriate for resolution by the Supreme Court of Florida. Thus, we defer decision in the cause and certify the issues to the Supreme Court of Florida.

Following our practice, see West v. Caterpillar Tractor Co., Inc., 5 Cir. 1974, 504 F.2d 967, we requested that the parties submit a proposed agreed statement of the case and certificate of issues for decision. The parties have agreed on the statement of the case and the first certified issue. They remain in disagreement, however, with respect to the second issue and/or additional issues to be certified. In consideration of the parties' respective positions, we have determined that two issues shall be certified: the first is that presently agreed upon by the parties; the second is that which was adopted by the appellant in its original brief to this court, and now advanced by the appellee. By so limiting the issues which we certify, we of course do not intend or desire that the Supreme Court of Florida confine its reply to the precise form or scope of the questions certified.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO § 25.031 FLORIDA STATUTES 1974, AND RULE 4.61 FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves questions or propositions of the law of the State of Florida which are determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to § 25.031, Florida Statutes 1974, and Rule 4.61, Florida Appellate Rules, as follows:

1. *Style of the Case.*

The style of the case in which this certificate is made is H. S. Equities, Inc., formerly Hayden Stone, Inc., Appellant, v. Hartford Accident & Indemnity Company, Appellee, being Case No. 74–3503 United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Southern District of Florida.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

### 2. Statement of the Case.

In 1967, H. S. Equities, Inc., formerly known as Hayden Stone, Inc., obtained a brokers liability policy from Hartford Accident & Indemnity Company. Both H. S. Equities and Hartford maintain offices and do business throughout the United States and are licensed to do business in Florida. The liability policy obtained by H. S. Equities from Hartford in New York was designed to cover claims throughout the United States and Canada. The policy provided that Hartford would pay any final judgment rendered against H. S. Equities for damages sustained by its customers through acts committed or omitted by officers or employees in the ordinary course of H. S. Equities' business as a stockbroker in all of its offices throughout the United States. The policy limits were $100,-000.00. The policy also obligated Hartford to pay H. S. Equities' counsel fees and court costs in defending customer suits. One of the policy provisions required that H. S. Equities give notice to Hartford as soon as practicable of any act or circumstance indicating a claim under the policy. The policy did not contain a choice of law provision.

The policy of insurance was applied for in New York, countersigned in New York, and premiums were paid in New York. The policy was kept by H. S. Equities in New York and when it gave notice of the claim to Hartford, the notice was given in New York.

On June 3, 1970, a customer of H. S. Equities, one Robert Uricho, Jr., of Broward County, Florida, gave notice to Appellant of his probable claim. On May 6, 1971, the customer sued H. S. Equities in Broward County Circuit Court seeking damages because the customer's securities were sold out contrary to representations made by H. S. Equities' employees that they would not sell out the customer's account. The suit was removed to the U. S. District Court for the Southern District of Florida. At the conclusion of a non-jury trial, final judgment was entered in favor of the customer and against H. S. Equities, Inc., on March 31, 1972, for $186,310.38. In September, 1972, H. S. Equities satisfied the judgment by paying the customer, in Florida, the amount awarded in the judgment plus interest. The customer's claim was a type of risk covered by the broker's liability policy. H. S. Equities first gave notice to Hartford of the customer's claim on May 4, 1972. Hartford refused to honor the claim on the grounds of late notice and this lawsuit was filed.

After issue was joined, Hartford moved for summary judgment, claiming no issue of material fact and entitlement to judgment on the grounds that Florida's conflicts or choice of law rule required the application of New York law to the notice provision in the insurance contract. Under New York law, late notice or lack of timely notice is an absolute defense regardless of whether the insurer is prejudiced thereby.[1] H. S. Equities claimed in opposition to summary judgment that, under Florida's conflicts or choice of law rule, Florida law would apply to the notice provision. Under Florida law, late or untimely Notice is not an absolute defense to performance of an insurance contract, but rather, if the insured can demonstrate the insurer was not prejudiced by late Notice, then the insurer will be liable under the contract.

The trial court concluded, in agreement with Hartford's contention, that Florida's choice of law would apply New York law on the late notice issue and that failure to give notice as soon as practicable, as a matter of law, was fatal to H. S. Equities' case. Therefore, final judgment was entered for Hartford. This appeal followed.

### 3. Questions to be Certified.

(1) Whether Florida or New York law applies to the issue of the effect of late notice given under the insurance policy sued upon.

1. In their respective briefs the parties cite Security Mutual Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972). [Footnote by the court.]

(2) Whether the district court erred in granting summary judgment for the defendant/insurer on the ground that plaintiff gave late notice of a claim to the defendant and that under New York law late notice was an absolute defense regardless whether the insurer was prejudiced by the late notice.

The Clerk shall cause the entire record in this case, together with copies of the briefs of the parties in this court, the appendix, and agreed certification in this court together with the responses of counsel to be transmitted herewith. The court expresses its appreciation for the parties' assistance and cooperation.