Margie C. BARNES,
Plaintiff-Appellant,

v.

ATLANTIC & PACIFIC LIFE INSUR-
ANCE COMPANY OF AMERICA, a
corporation, Defendant-Appellee.

No. 73–4032
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 19, 1976.

Rehearing Denied May 17, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

E. Ray Large, Birmingham, Ala., for plaintiff-appellant.

Ollie L. Blan, Jr., Birmingham, Ala., for defendant-appellee.

Before BROWN, Chief Judge, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This case presented the opportunity for the first published opinion[1] certifying questions to the Alabama Supreme Court under their recently adopted procedure which permits the Alabama high Court to answer questions of state law certified by a Court of the United States. Ala.Const. art. 6, § 140(b)(3). The Alabama Court by its second published opinion[2] has responded thoroughly and has definitively set forth the relevant Alabama law.[3] The opinion holds that under Alabama law one fact question remains which will determine the outcome of this case. We remand to the District Court for determination of this issue.

Before proceeding on the merits we wish to acknowledge the expressions of high hopes for this exercise of responsible federal-state relations voiced for the Court by Justice Shores in *Harrison v. Insurance Company of North America*, Ala., 1975, 318 So.2d 253.

Of this, Judge Godbold, a long practitioner at the Alabama Bar, not speaking ex-cathedra, had this to say:

We join with the Alabama Supreme Court in its expression that, properly utilized, certification procedures such as Alabama now has are invaluable tools of cooperative judicial federalism. As Justice Shores pointed out in writing for the Alabama Court, the federal courts, when carrying out their duties under *Erie* of applying state law, are at times placed in the awkward position of subsequently being told by the state courts that they have reached erroneous conclusions. We can survive the minor awkwardness of being told that we have erred, a consequence familiar to nearly all judges short of the Supreme Court of the United States. Other considerations are much more important to us. We recognize that the Supreme Court of Alabama is the primary final expositor of the law of that state and of the state policies that underlie it. Also we firmly desire, when applying state law as required by *Erie* (and short of overriding federal constitutional considerations), to apply the Alabama law as determined by the Alabama courts and not as we might like it to be. The litigants, the state, and the judicial institutions of the state deserve no less. * * * [W]hen we are unable to determine with confidence and assurance what the state law really is, the certification procedure gives us the means to turn to the final authority for its authoritative determination.

Five questions were certified but, following our usual practice, we left it to the Alabama Court to formulate the issues.[4] As was their prerogative, the Alabama Court did just that and considered the basic issues rather than replying categorically to the certified questions. The case turned on the Binding Receipt.[5]

---

1. *Barnes v. Atlantic & Pacific Life Insurance Co.*, 5 Cir., 1975, 514 F.2d 704. The facts and certified questions are fully stated in that opinion.

2. The first was *Harrison v. Insurance Company of North America*, Ala., 1975, 318 So.2d 253 responding to certification from this Court.

3. *Barnes v. Atlantic & Pacific Life Insurance Company*, Ala., 1975, 325 So.2d 143.

4. See note 10 to certificate, 514 F.2d 704, 709 quoting from *Martinez v. Rodriguez*, 5 Cir., 1968, 394 F.2d 156, 159 n.6.

5. The Binding Receipt stipulates the effective date of the policy will be the later of:

   "date of application, or date of medical examination, if required, provided that the
   1. proposed insured is determined by the Company at its Home Office in Atlanta, Georgia, in accordance with its rules and

The Court held against Insurer's argument that the policy was not issued "exactly as applied for" (see condition (1) and (3)) because it did not include the double indemnity coverage requested by Insured. The Court found that Insurer was estopped from asserting this claim because its agent had a duty to inform Insurer of the double indemnity request. Insurer cannot benefit by its agent's neglect. On the other side, because Insurer did not actually know of the request, its issuance of the policy without the double indemnity provision could not be considered a counter offer by Insurer and a rejection of Insured's offer.

▮ The Court also determined that without the Binding Receipt the policy would never have become effective, for the policy was not delivered during the "continued insurability of the proposed insured." [6] The Court found no ambiguity, as to the effective date, between the policy and the Binding Receipt.[7] Under Alabama law the effective date of receipt of an insurance policy is determined by the date of the Binding Receipt if all conditions of the Binding Receipt are met.[8]

▮ Here the policy was not issued within 30 days of the Binding Receipt as required by Condition (3). The Alabama Court rejected Insured's argument that Insurer waived the 30-day provision by later issuing the policy. The Court holds, however, that Insurer may be estopped from denying coverage because of its failure to issue the policy within 30 days. The Court based it on "general principles of contract law" and then went on to state:

> practices, to be insurable on such date for the policy exactly as applied for;
> 2. first full premium is paid in cash on date of application;
> 3. policy is issued exactly as applied for within 30 days from this date;
> 4. total insurance in force with the Company on the life of the proposed insured, including amount now applied for, will not exceed $50,000.00."
> See 514 F.2d 704, 708 and 325 So.2d 143, 146 from Alabama opinion.

Where a promisor's duty to perform is conditioned upon the occurrence of some event wholly within his control, there is an implied duty of good faith and fair dealing owing from the promisor. If the promisor's failure to cooperate results in the nonoccurrence of the condition, the condition is thereby excused.

The Court then zeroed in on insurance situations:

> Where a binding receipt is conditioned upon issuance of a policy within a certain time, the proposed insured is justified in assuming that the insurer will exercise reasonable care and diligence in acting upon his application. *De Ford v. New York Life Insurance Co.*, 75 Colo. 146, 224 P. 1049 (1924).

If the delay in issuance was unreasonable, Insurer is estopped from claiming that all conditions of the Binding Receipt were not met. If, however, the delay was reasonable, Condition (3) was not satisfied and the policy did not become effective on the date of the Binding Receipt. Whether Insurer's delay in issuing the policy was "within the bounds of reasonableness" is a fact question which was not within the province of the Alabama Court. It is not for our determination either since this is the role of the Trial Court.

In its supplemental brief, Insurer argues that there are no issues left unanswered by the Alabama Supreme Court opinion. Insurer claims that since the only unsettled point is a fact question, and since both parties filed motions for summary judgment in the District Court, any further factual determination is precluded. Further, it contends this issue—

6. Barnes, the Insured, was hospitalized and suffering from gunshot wounds on the day the policy was mailed to the agent, which under Alabama law is considered the date of delivery. *United States v. Headrick*, 1963, 275 Ala. 594, 597, 157 So.2d 19, 22.

7. Certified Question No. 5.

8. *Barnes v. Atlantic & Pacific Life Insurance Company, supra*, 325 So.2d at 151.

reasonable or unreasonable delay in policy issuance—was never raised. We reject these arguments. In responding to our certified questions the Alabama Court answered the legal issues, one of which is that the policy became effective on the date of the Binding Receipt, *if* all conditions of the receipt were met. Whether the question was framed as in the certificate, the Alabama Court was at liberty to reframe it in terms of critical significance. Insured has claimed throughout that the effective date was that of the Binding Receipt. The questions certified and as answered show unequivocally that the 30-day requirement in Condition (3) was one of the major issues to be considered.

What the Alabama Court holds is that on the facts agreed to the operative effect of Condition (3) depends on whether the delay was reasonable or unreasonable. Indeed the Court discusses circumstances reflected in the agreed statement pointing in the direction of unreasonableness and others pointing toward reasonableness, 325 So.2d at 150–51.

This issue of reasonable/unreasonable is a part of the Alabama law. The Court holds that on the circumstances revealed in the agreed statement a trier of fact could draw competing inferences. It did not, of course, undertake to determine questions of Federal Rules, F.R. Civ.P. 56(c), or federal principles on summary judgment.

But on this holding of Alabama law we now hold as a matter of federal law that in view of this substantive principle of Alabama law, even on the agreed statement of facts there is a "genuine issue of material fact" so that summary judgment for the Insurer on this issue was improper.

The District Court must determine the sole factual question so that the applicable Alabama law, as set forth so precisely by the Alabama Supreme Court, may be applied. If the delay was reasonable judgment goes for Insurer. If the delay was unreasonable judgment goes for the Insured.

VACATED AND REMANDED.