**Walter PHILLIPS, Jr., Plaintiff-Appellee,**

v.

**Stewart B. IGLEHART et al., Defendants-Appellants.**

**No. 75–2703.**

United States Court of Appeals, Fifth Circuit.

Sept. 2, 1977.

Before BROWN, Chief Judge, AINSWORTH, Circuit Judge, and JAMESON *, District Judge.

BROWN, Chief Judge:

This diversity suit was instituted to determine the rights of the parties under a deed conveying 306.35, more or less, acres of land in St. Lucie County, Florida.

By deed dated March 12, 1959, Iglehart conveyed, subject to a repurchase option, the land to Phillips' father. The option stated that: "in the event the grantee herein desires to sell the property conveyed by this deed, together with improvements, if any, then said property shall be offered for sale to the grantors  .   .  .." The grantors would have sixty days in which to exercise the option. Phillips' father died and the land was given to him by his mother. In a suit for declaratory relief, Phillips sought to have the repurchase option declared invalid. On answer and counterclaim, the Igleharts sought to have the option upheld, or, in the alternative, have the deed rescinded and the parties placed in the status quo. The District Court granted

* Senior District Judge from the State of Montana, sitting by designation.

Phillips' motion for summary judgment and the Defendants Iglehart appealed.

Because this appeal presents questions of Florida law, we defer decision and certify the questions to the Supreme Court of Florida. The utility of this procedure is again extolled[1] as it allows the Florida Court, which under *Erie* has the last word[2], to resolve issues of state law.

In keeping with our usual practice[3], we requested counsel to submit a proposed statement of facts and proposed agreed certificate of the questions for decision. They have reached agreement on the proposed statement of facts but represent that after diligent effort, they are unable to agree upon the questions to be certified. Also, full agreement as to the essential holding of the District Court was not reached.

Since the parties did not agree on the questions of law, we have selected questions we deem dispositive of the issues presented. We, however, disclaim any intention or desire to restrict the Florida Supreme Court, in its reply, to the precise form or scope of the questions presented. The Florida Supreme Court has taken this approach. *See Nardone v. Reynolds*, 5 Cir., 1975, 508 F.2d 660, on certification, Fla., 1976, 333 So.2d 25, on receipt of answers to certification, 5 Cir., 1976, 538 F.2d 1131; *United States v. 16.33 Acres of Land in Dade County, Florida*, 5 Cir., 1976, 537 F.2d 182; *Allen v. Estate of Carmen*, 5 Cir., 1971, 446 F.2d 1276.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that there are involved in the above-styled case in this Court questions or propositions of law of the State of Florida which are determinative of the cause, and that there appear to be no clear, controlling precedents in the decisions of the Supreme Court of the State of Florida. The United States Court of Appeals for the Fifth Circuit therefore certifies such questions or propositions of the laws of the State of Florida to the Supreme Court of Florida for instructions concerning such questions or propositions of State law, based on the facts recited herein, pursuant to § 25.031, Florida Statutes 1975 and Rule 4.61, Florida Appellate Rules, as follows:

(1) *Style of the Case*:

The style of the case in which this certificate is made is as follows: STEWART B. IGLEHART, ET AL, Defendants-Appellants versus WALTER T. PHILLIPS, JR., ET AL, Plaintiffs-Appellees, case no. 75–2703, United States Court of Appeals for the Fifth Circuit, said case being an appeal from the United States District Court for the Southern District of Florida.

---

1. *United States v. 16.33 Acres of Land in Dade County, Florida*, 5 Cir., 1976, 537 F.2d 182, on certification, Fla., 1977, 342 So.2d 476, on receipt of answers to certification, 5 Cir., 1977, 551 F.2d 678; *Nardone v. Reynolds*, 5 Cir., 1975, 508 F.2d 660, on certification, Fla., 1976, 333 So.2d 25, on receipt of answers to certification, 5 Cir., 1976, 538 F.2d 1131; *Cincinnati Ins. Co. v. City of Talladega*, 5 Cir., 1976, 529 F.2d 718; *ITT Rayonier, Inc. v. Wadsworth*, 5 Cir., 1976, 528 F.2d 1033; *Southeastern Financial Corp. v. Smith*, 5 Cir., 1976, 526 F.2d 1233; *Tyler v. Insurance Co. of North America, Inc.*, 5 Cir., 1975, 520 F.2d 341; *Barnes v. Atlantic & Pacific Life Ins. Co.*, 5 Cir., 1975, 514 F.2d 704, on certification, 1975, 295 Ala. 149, 325 So.2d

143, on receipt of answers to certification, 5 Cir., 1976, 530 F.2d 98; *H. S. Equities, Inc. v. Hartford Accident & Indemnity Co.*, 5 Cir., 1975, 512 F.2d 1277.

The expansion of this effective device in federalism as it grew from Florida to Alabama to Louisiana and now to Georgia is catalogued in Brown, *Certification—Federalism In Action*, 7 Cumberland L.Rev. 455 (1977); *In re: McClintock*, 5 Cir., 1977, 558 F.2d 732.

2. *See Tyler v. Insurance Co. of North America, Inc.*, 5 Cir., 1975, 520 F.2d 341, 342.

3. *Brown, supra* note 1, at 460.

(2) *Statement of Facts*:

This case for declaratory relief involves a repurchase option in a deed. Plaintiff maintains that the repurchase option should be declared invalid, void and of no force and effect. Defendants say that it is valid and should be upheld, but if it is held invalid, the Defendants maintain that the Court should rescind the deed and restore the parties to the status quo prior to the execution of the deed.

By deed dated March 12, 1959, filed June 24, 1959, recorded in Deed Book 249, Page 246, public records of St. Lucie County, Florida, Defendants conveyed to Plaintiff's now deceased father 306.35 plus or minus ( + -) acres of land subject to a repurchase option specifically set forth in the deed (R–96).

The deed recites as follows:

"Witnesseth that the said parties of the first part (Defendants) for and in consideration of the sum of $10.00 and other valuable considerations, to them in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold, transferred, and by these presents, do grant, bargain, sell and transfer unto the said party of the second part and his heirs and assigns forever, all that certain tract of land lying and being in the county of St. Lucie and the State of Florida more particularly described as follows: (Legal Description omitted)

This conveyance is made subject to the following restrictive covenant which is construed as a covenant running with the land and shall inure to the benefit of and be enforceable by the grantors, their heirs, legal representatives and assigns, and shall be applicable and be binding upon the grantee, and his heirs, legal representatives and assigns:

1. The grantee does hereby covenant that in the event the grantee herein desires to sell the property conveyed by this deed, together with improvements, if any, then said property shall be offered for sale to the grantors at a price, which shall equal the amount paid by the grantee to the grantors for said property plus the cost of all permanent improvements placed on said property by the grantee and the grantors shall have sixty (60) days within which to exercise their option to repurchase said property; and should the grantors fail or refuse within sixty days after receipt of written notice of grantee's desire to sell the property to exercise their option to repurchase said property, based upon a price hereinabove mentioned, then the grantee of said property shall have the right to sell said property to other parties.

By accepting this deed the grantee agrees that the foregoing covenant and condition is made as a part of the consideration for this conveyance and is a part of the purchase price of the above described land.

Together with all the tenements, hereditaments, and appurtenances, with every privilege, right, title interest and estate, dower and right of dower, reversion remainder and easement thereto belonging or in any wise appertaining:

TO HAVE AND TO HOLD the same in fee simple forever."

Affixed to the deed are twenty cents in Florida documentary stamps (R–98) reflecting a tax (at that time) on a cash consideration of between $1.00 and $100.00. The land at that time was worth approximately $200.00 per acre.

Plaintiff, in his deposition, testified he didn't know what his father paid for the property in question (R–133) but that he had been given to understand that his father paid only the $10.00 recited in the deed (R–134). Defendants contend there was no cash consideration and that the repurchase option was the only consideration for the deed (R–98). Plaintiff claims this fact is irrelevant (R–98), but doesn't deny it (R–22; 35), and further contends that any evidence as to consideration for the deed was hearsay and violative of both the Florida Dead Man's Statute, *Fla. Stat.* § 90.05 and the parol evidence rule.

Plaintiff received the subject property as a gift from his mother after his father's death, (R–40) and paid nothing for it (R–

123, 124, 126). Defendants have never received any notice of a desire to sell (R–96) nor has the property been offered to Defendants pursuant to the repurchase option. Defendants were requested to subordinate the repurchase option to a mortgage lien (R–97, 148), which they did (R–97).

Plaintiff and his father before him have been in possession of the subject real property since 1959, have maintained it, paid taxes on it since that time and have made improvements thereon, including construction of a house, improvement of pasture and construction of fences (R–164).

The subject covenant has not been breached; however, Plaintiff has filed this action to have the Court determine validity or invalidity. Defendants, by answer and counterclaim (R–65), sought to have the repurchase option upheld, or in the alternative, to have the deed rescinded and the parties placed in status quo.

The Plaintiff-Appellee contends that the repurchase option is void as violative of the rule against perpetuities and the rule against unreasonable restraints on alienation and is therefore unenforceable and that he is therefore entitled to a judgment declaring that he holds title unencumbered by the repurchase option. The Defendants-Appellants, on the other hand, contends that the repurchase option is not subject to the rule against perpetuities nor the rule against unreasonable restraints on alienation, but if it is, the entire transaction should be rescinded. Plaintiff-Appellee replies to the prayer for rescission by pointing out that granting the relief of rescission would have the same effect as enforcement of the invalid covenant.

Summary judgment was granted Plaintiff (R–161) based upon the amended complaint, answer, counterclaim, answer to counterclaim, request for admission and answers thereto, deposition of Plaintiff Walter Phillips, pre-trial stipulation, and motion for summary judgment.

(3) *Holding of the District Court*:

(a) Appellant submits the essential holding of the trial court may be summarized as follows:

(i) The repurchase option which was unlimited as to time and the method of determining the purchase price created a substantial restraint upon alienation;

(ii) That the repurchase price stated in the repurchase option is an unreasonable price;

(iii) The parol evidence rule precluded inquiry into the nature of the recited consideration;

(iv) The repurchase option revealed no purpose; and

(v) Where the parties, with knowledge of the facts and without any inequitable incidents, make an agreement, and a writing executed by them for that purpose expresses that agreement, equity will not interfere, even though one of the parties may have mistaken or misconceived the meaning, scope and effect of the agreement.

(b) Appellee submits the essential holding of the trial court may be summarized as follows:

(i) The subject covenant was unlimited as to time and the method of determining the repurchase price created a substantial restraint on alienation. No purpose for the restraint was revealed by the clause.

(ii) Because of the foregoing, the subject covenant was invalid and unenforceable. To hold otherwise would sanction the imposition of substantial restraints on the alienation of real property.

(iii) The subject invalid covenant was a part of the consideration of this conveyance but only a part of such consideration. Based on this, rescission of the deed could not be had. In addition, rescission would effect the same result as upholding the option which would circumvent the rule against unreasonable restraints on alienation and the rule against perpetuities.

(iv) The parol evidence rule precluded inquiry into the nature of the recited consideration. When the purpose and

effect of parol testimony is to defeat the operation and effect of the deed, such evidence does not fall within the exception admitting parol evidence for the purpose of showing the true consideration for a deed.

(v) Where the parties, with knowledge of the facts and without any inequitable incidents, make an agreement, and a writing executed by them for that purpose expresses that agreement, equity will not interfere, even though one of the parties may have mistaken or misconceived the meaning, scope and effect of the agreement.

### (4) *Questions of Law*:

The parties are unable to agree on the questions for certification. As we think the procedure calls for this court, not the counsel or parties, to delineate as precisely as practicable the issues to be submitted, we have chosen those of the Appellee, rather than the Appellant.[4] Underlying the choice between two sets which both aim at the basic perpetuities-unreasonable restraint problem, Appellant's phrasing is largely in academic terms and unrelated to this case.

### Questions To Be Certified

1. Under Florida law, is a repurchase option, set forth as a covenant running with the land in a deed, void as being in violation of the rule against unreasonable restraints on alienation or the rule against perpetuities, if:

(a) no purpose for the repurchase option is stated in the deed;

(b) the repurchase option is of unlimited duration and provides that prior to any sale of the property by the grantee, his heirs, or assigns, the grantee must first offer the property to the grantors for a period of 60 days at a price to be determined as set forth in the covenant;

(c) the option price as set forth in the covenant is the amount paid by the grantee to the grantor for the property, plus the cost of all permanent improvements placed on the property by the grantee?[5]

2. If the subject covenant is void and unenforceable under Florida law, and if the covenant is stated in the deed to be a part of the consideration for the deed, and if the grantee has been in possession under the deed for more than 15 years paying all taxes on the subject property and having constructed substantial permanent improvements including a home thereon, under Florida law, will a court of equity upon determining that the subject covenant is void and unenforceable, rescind the deed and restore the parties to the status quo existing prior to execution and delivery of the deed even though the effect of such rescision would be to enforce the terms of the void covenant?[6]

3. If the answer to the foregoing question is in the negative and if the deed itself recites that the invalid covenant is only a part of the consideration for the conveyance, under the Florida law, may parol evidence be received in an attempt to prove that the invalid covenant was an "essential part" of the consideration for the deed, absent which the deed would not have been executed, for the purpose of defeating the operation and effect of the deed?

4. Appellant proposes the following questions:

1. Under Florida law, is a repurchase option contained as a covenant in a deed of conveyance valid and enforceable?

2. Under Florida law, if an otherwise valid repurchase option contained in a deed is unlimited as to time, is it violative of the rule against perpetuities and the rule against unreasonable restraints on alienation?

3. Under Florida law, if certified question number 2 above is answered in the affirmative, if the repurchase option was an essential part of the initial bargain, would the repurchase option be a dependent covenant?

4. Under Florida law, if certified question number 3 is answered in the affirmative, will a Florida Court sitting in equity rescind or set aside the transaction and restore the parties to the transaction to the position they occupied immediately prior to the transaction?

5. This poses substantially the same problem as Appellants 1 and 2 (note 4, *supra*).

6. This is substantially the same problem as Appellant's 3 and 4 (note 4, *supra*).

(a) Under the circumstances set forth above, under Florida law, does the parol evidence rule preclude inquiry into the nature of the recited consideration where the purpose and effect of the parol testimony would be to defeat the operation and effect of the deed?[7]

4. If such evidence is admissible and, if the repurchase option was only a part of the consideration for the execution and delivery of the deed and if the repurchase option was so essential a part of the entire consideration that the parties would not have made and executed the deed if they had known of the option's invalidity, then under Florida law and the foregoing circumstances, would the transaction be rescinded even though the effect of such rescission would be to enforce the terms of the void covenant?[8]

The entire record in this case, together with copies of the briefs of the parties, the proposed questions of fact and law and memoranda thereon are transmitted herewith.

CERTIFIED.

7. Appellant's questions do not address the parol evidence problem which might or might not be significant depending on other answers by the Florida court.

