**Walter PHILLIPS, Jr., Plaintiff-Appellee,**

v.

**Stewart B. IGLEHART et al.,
Defendants-Appellants.**

**No. 75–2703.**

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1980.

---

John S. Call, Jr., Wade R. Byrd, Palm Beach, Fla., for defendants-appellants.

Richard V. Neill, Fort Pierce, Fla., for plaintiff-appellee.

Before BROWN and AINSWORTH, Circuit Judges, and JAMESON *, District Judge.

JOHN R. BROWN, Circuit Judge:

This action was initially instituted to determine the rights of the parties under a deed conveying 306.35, more or less, acres of land in St. Lucie County, Florida. Because the resolution of this matter involved important, unresolved, issues of state law, we deferred decision and certified certain questions to the Florida Supreme Court pursuant to Florida law. The Florida Supreme Court has now answered those questions and, in accordance with that opinion, we now reverse the decision of the District Court and remand this case for further proceedings.

The context of this controversy was fully developed in our prior opinion certifying this case,[1] but is briefly restated here. By deed dated March 12, 1959, Iglehart conveyed to Phillips' now deceased father 306.-35 plus or minus ( + or –) acres of land in St. Lucie County, Florida. The deed is subject to a repurchase option which is described in the deed as a covenant running with the land and forming a part of the consideration for the conveyance. The covenant essentially provides that in the event that the grantee desires to sell the property then the grantors shall have sixty (60) days within which to exercise the option to repurchase the land at a price equal to the amount paid by the grantee to the grantors for the property plus the cost of all permanent improvements placed on the property by the grantee. Phillips instituted a suit for declaratory relief seeking to have the repurchase option declared invalid. On answer and counterclaim, the Igleharts sought to have the option upheld, or, in the alternative, have the deed rescinded and the parties returned to the status quo ante. The District Court granted Phillips' motion for summary judgment and the Igleharts appealed. On appeal, faced with unresolved questions of state law determinative of the case, pursuant to Florida law,[2] we certified certain questions to the Florida Supreme Court.[3]

Having received the answers of the Florida Court to the certified questions[4] —which reaffirm once again the wisdom of the certification process[5]—we can now say with certainty that the District Court erred in granting summary judgment in favor of Phillips and provide guidance for reconsideration of this case on remand. The Florida Court concluded[6] that the particular cove-

---

* District Judge of the District of Montana, sitting by designation.

1. 558 F.2d 737 (5th Cir. 1977).

2. Section 25.031, Fla.Stat. (1975); Fla.R.App.P. 9.510.

3. See 558 F.2d at 741–42.

4. *Iglehart v. Phillips*, 383 So.2d 610 (Fla. 1980).

5. The Mississippi Supreme Court by Court Rule has just recently adopted a certification procedure—to join Florida, Alabama, Louisiana and Georgia—leaving Texas alone in this Circuit exposed to the perils of virtually unreviewable federal surmises on local law or policies.

6. The Florida Supreme Court, following the invitation in our regular practice (see note 7, *infra*), restated our four questions as follows:

Under Florida law, is a repurchase option, expressly set forth in a deed as a covenant running with the land and as part of the consideration for the conveyance, void as being in violation of the rule against unreasonable restraints on alienation or the rule against perpetuities, under circumstances where the option is unlimited as to time, the price is fixed, and no purpose other than

nant in question constitutes an unreasonable restraint and is therefore invalid and unenforceable:

> For all practical purposes, we find the formula contained in this restrictive covenant no different than a fixed-price option of [undetermined] duration which has uniformly been held an unreasonable restraint. We find the provision fixing the price as the purchase price plus cost of improvements to be invalid and unenforceable.

383 So.2d at 616. Having concluded that the covenant constitutes an unreasonable restraint, the Florida Court did not deem it necessary to reach the question of whether the covenant violates the rule against perpetuities. 383 So.2d at 614.

■ Although the Florida Court found that the repurchase option covenant is invalid and unenforceable, the Court declared for Florida that it would be inappropriate for a court of equity to rescind or cancel the deed. Recision or cancellation, the Court reasoned, would have the same effect as enforcing the repurchase option. Such a result would be not only contrary to Phillips' desired purpose in this action but "could [also] have a chilling effect on future

grantees seeking to remove unreasonable restraints upon the use of their land." 383 So.2d at 617.

The Florida Court then went on to declare for Florida that even though recision in this case is an inappropriate remedy, "the grantors—are entitled to equitable relief—"[7], 383 So.2d at 618. It is also evident that in discussing the possibility of alternative equitable relief, the Court impliedly held that under the facts of this case Florida law does not preclude the introduction of parol evidence concerning the role played by the invalid covenant in the consideration for the deed, a question squarely raised by Question Number Three certified to the Florida Court. 558 F.2d at 741–42.

■ In accordance with the opinion of the Florida Supreme Court, we remand this matter for further proceedings. The trial court is bound by the Florida Court's determination that (i) the covenant in question is invalid and unenforceable, (ii) the deed may not be rescinded or cancelled, and (iii) the grantors are entitled to some equitable relief. The Florida Supreme Court quite properly did not purport to intrude on the Federal District Court's framing of such relief or the extent thereof.[8] Nor do we.

---

consideration is stated in the deed? 383 So.2d at 613.

If the subject covenant is void as an unreasonable restraint on alienation under Florida law, is the deed subject to rescission for mistake or cancellation for inadequate consideration where the covenant is stated in the deed to be part of the consideration for the deed, when the grantee has been in possession under the deed for more than fifteen years, paid all taxes on the subject property, and constructed substantial improvements including a home thereon? 383 So.2d at 616.

7. We reject the attack by Phillips that this and related statements and holdings are gratuitous dicta. As we stated in our original opinion on appeal, in certifying our questions we "disclaim[ed] any intention or desire to restrict the Florida Supreme Court, in its reply, to the precise form or scope of the questions presented." 558 F.2d at 738. This is in accord with the approach taken by us and the Florida Supreme Court in the past. See *Nardone v. Reynolds*, 508 F.2d 660 (5th Cir. 1976), on certification, 333 So.2d 25 (Fla. 1976), on receipt of answers to certification, 538 F.2d 1131 (5th Cir. 1976); *United States v. 16.33 Acres of Land in Dade County, Florida*, 537 F.2d 182 (5th Cir. 1976);

*Allen v. Estate of Carman*, 446 F.2d 1276 (5th Cir. 1971).

8. The Court stated:

The appropriate relief should be left to the trial court, which should be allowed to consider evidence and take testimony concerning the actual consideration paid by the grantees for the subject property. Relief to be considered could include an equitable or vendor's lien on the property for its market value at the time of the original conveyance, increased by present dollar inflation, but not property appreciation, payable at the time of any future conveyance. It appears that unless grantor's successors receive the present-day dollar value of the market value of the property at the time of the original conveyance, they will not, in actuality, be receiving the full equitable relief to which they are entitled. We deem it inappropriate upon a certified question to direct specific relief under the circumstances of this record and suggest remanding this cause to the trial court for the purpose of receiving such additional testimony and evidence as may be necessary to provide suitable equitable relief. 383 So.2d at 617–18.

In considering the nature, kind and extent of equitable relief, the trial court may entertain parol evidence as to the role the invalid covenant played in the consideration for the deed and all other relevant evidence on the issues now remaining.

REVERSED and REMANDED FOR FURTHER PROCEEDINGS.